UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                    Plaintiff,         :    06 Civ. 3150 (GBD)
                                       :
                                       :    **ECF Case**
            v.                         :
                                       :
NELSON OBUS, et al.,                   :
                                       :
                    Defendants.        :
------------------------------------------------------------------x

# DEFENDANTS' PROPOSED VERDICT FORM

| | |
|---|---|
| Joel M. Cohen | Mark S. Cohen |
| Mary Kay Dunning | Jonathan S. Abernethy |
| Darcy C. Harris | Reginald B. Schafer |
| GIBSON, DUNN & CRUTCHER LLP | COHEN & GRESSER LLP |
| 200 Park Avenue | 800 Third Avenue |
| New York, New York 10166-0193 | New York, New York 10022 |
| Telephone: (212) 351-4000 | Telephone: (212) 957-7600 |
| Facsimile: (212) 351-4305 | Facsimile: (212) 957 4514 |
| | |
| *Attorneys for Defendant Nelson Obus and Relief Defendants Wynnefield Partners Small Cap Value L.P., Wynnefield Partners Small Cap Value L.P. I, and Wynnefield Partners Small Cap Value Offshore Fund, Ltd.* | *Attorneys for Defendant Peter Black* |

Roland G. Riopelle
Robert Caliendo
SERCARZ & RIOPELLE
152 W. 57th Street
New York, New York 10019
Telephone: (212) 586-4900

*Attorneys for Defendant Thomas Bradley Strickland*

Dated: March 26, 2014

# **VERDICT FORM: ALTERNATIVE A**[1]

---

[1]     The Supreme Court has expressly reserved judgment on whether recklessness is sufficient to establish scienter under the federal securities laws.  *See Matrixx Initiatives v. Siracusano*, 131 S. Ct. 1309, 1323-24 (2011); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 319 n.3 (2007); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 194 n.12 (1976).  Defendants respectfully submit that, notwithstanding the Second Circuit's holding to the contrary, *Rolf v. Blyth, Eastman Dillon & Co.*, 570 F.2d 38, 47 (2d Cir. 1978), *cert. denied*, 439 U.S. 1039 (1978), actual intent is required to maintain a violation of the federal securities laws.

Negligence is not sufficient to establish scienter under the federal securities laws.  *See Hochfelder*, 425 U.S. at 194 n.12.  Therefore, Defendants respectfully submit that the Second Circuit erred in *SEC v. Obus* when it held that liability as a tippee can be established where the tippee "knew or had reason to know" that the information was obtained through the tipper's breach of a duty to his or her principal.  693 F.3d 276, 287-89 (2d Cir. 2012).  Without waiving the foregoing, should the Court determine that actual intent is not required, Defendants request that the verdict form reflect that the SEC is required to prove that Black and Obus, respectively, knew, or were reckless in not knowing, that Strickland breached his duty of trust and confidence to GE Capital in disclosing the forthcoming Allied acquisition of SunSource to Black on May 24, 2001.

**VERDICT FORM: ALTERNATIVE A**

**INSTRUCTION:**

The SEC has the burden of proving each of the following elements by a preponderance of the evidence.  If the SEC has met its burden of proof as to an essential element, answer "Yes;" otherwise, answer "No."  Answer separately as to each element.

**ELEMENTS:**

1. Did the SEC prove that on May 24, 2001, Strickland had knowledge of Allied's planned acquisition of SunSource?

    Yes_____     No _____

2. Did the SEC prove that Strickland owed a duty of trust and confidence to GE Capital on May 24, 2001 to keep confidential that Allied was planning to acquire SunSource?

    Yes _____     No _____

3. Did the SEC prove that on May 24, 2001, Strickland disclosed to Black that Allied was planning to acquire SunSource?

    Yes _____     No _____

4. Did the SEC prove that Strickland intentionally disclosed to Black on May 24, 2001 that Allied was planning to acquire SunSource?  If you find that Strickland acted with anything less than intent, including acting recklessly, negligently, carelessly, or inadvertently, answer "No."

    Yes _____     No _____

5. Did the SEC prove that Strickland knew that Black was likely to trade on the information Strickland disclosed or disseminate the information further for his own benefit?  If you find that Strickland believed in good faith that the information he disclosed to Black would not be used for trading purposes, answer "No."

    Yes _____     No _____

6. Did the SEC prove that the forthcoming Allied acquisition of SunSource was material information on May 24, 2001?

    Yes _____     No _____

7. Did the SEC prove that the forthcoming Allied acquisition of SunSource was nonpublic information on May 24, 2001?

    Yes _____     No _____

2

**VERDICT FORM: ALTERNATIVE A**

8. Did the SEC prove that Strickland knew on May 24, 2001 that the forthcoming Allied acquisition of SunSource was material information?

    Yes _____    No _____

9. Did the SEC prove that Strickland knew on May 24, 2001 that the forthcoming Allied acquisition of SunSource was nonpublic information?

    Yes _____    No _____

10. Did the SEC prove that Strickland breached his duty of trust and confidence to GE Capital in his May 24, 2001 discussion with Black?

    Yes _____    No _____

11. Did the SEC prove that on May 24, 2001 Strickland intentionally breached his duty of trust and confidence owed to GE Capital in his May 24, 2001 discussion with Black?  If you find that Strickland acted with anything less than intent, including acting recklessly, negligently, carelessly, or inadvertently, answer "No."

    Yes _____    No _____

12. Did the SEC prove that Strickland personally benefitted in some way, directly or indirectly, from the May 24, 2001 disclosure to Black?

    Yes _____    No _____

13. Did the SEC prove that Strickland's conduct on May 24, 2001 was in connection with the purchase or sale of a security?

    Yes _____    No _____

14. Did the SEC prove that on May 24, 2001, Strickland used or caused to be used a means or instrumentality of interstate commerce in connection with the purchase or sale of a security?

    Yes _____    No _____

**QUESTION:**

Did the SEC prove each of the essential elements of its claim as to defendant <u>Brad Strickland</u>? If you answered "No" to any of the above questions, answer "No."  If you answered "Yes" to all of the above questions, answer "Yes."

    Yes (Liable) _____    No (Not Liable) _____

## **VERDICT FORM: ALTERNATIVE A**

**If you answered "No" to <u>any</u> of the above questions, the SEC has not proven its claim as to defendant Brad Strickland.  Do not answer the following questions regarding defendants Peter Black and Nelson Obus, as they cannot be liable if Brad Strickland is not liable.  Please turn to the end of this form and have the foreperson sign and date it.**

**If you answered "Yes" to <u>all</u> of the above questions, please <u>move on to the next page</u>.**

# VERDICT FORM: ALTERNATIVE A

**INSTRUCTION**

The SEC has the burden of proving each of the following elements by a preponderance of the evidence. If the SEC has met its burden of proof as to an essential element, answer "Yes;" otherwise, answer "No." Answer separately as to each element.

**ELEMENTS:**

1. Did the SEC prove that Black knew that Strickland owed a duty of trust and confidence to GE Capital on May 24, 2001 to keep confidential the forthcoming Allied acquisition of SunSource?

    Yes _____   No _____

2. Did the SEC prove that Black knew that Strickland breached his duty of trust and confidence to GE Capital by disclosing the forthcoming Allied acquisition of SunSource to Black on May 24, 2001?

    Yes _____   No _____

3. Did the SEC prove that Black knew that Strickland's breach of his duty of trust and confidence to GE Capital on May 24, 2001 was in exchange for a personal benefit to Strickland?

    Yes _____   No _____

4. Did the SEC prove that Black disclosed the forthcoming Allied acquisition of SunSource to Nelson Obus on May 24, 2001?

    Yes _____   No _____

5. Did the SEC prove that Black intentionally disclosed to Obus on May 24, 2001 the forthcoming Allied acquisition of SunSource? If you find that Black acted with anything less than intent, including acting recklessly, negligently, carelessly, or inadvertently, answer "No."

    Yes _____   No _____

6. Did the SEC prove that Black knew that Obus was likely to trade on the information he learned from Strickland or disseminate the information further for Obus's own benefit? If you find that Black believed in good faith that the information he disclosed to Obus would not be used for trading purposes, answer "No."

    Yes _____   No _____

5

**VERDICT FORM: ALTERNATIVE A**

7. Did the SEC prove that Black knew that the information he received on May 24, 2001 from Strickland was material?

    Yes _____   No _____

8. Did the SEC prove that Black knew that the information he received on May 24, 2001 from Strickland was nonpublic?

    Yes _____   No _____

9. Did the SEC prove that Black personally benefited in some way, directly or indirectly, from disclosing to Obus on May 24, 2001 the information he received from Strickland?

    Yes _____   No _____

10. Did the SEC prove that Black's conduct on May 24, 2001 was in connection with the purchase or sale of a security?

    Yes _____   No _____

11. Did the SEC prove that on May 24, 2001, Black used or caused to be used a means or instrumentality of interstate commerce in connection with the purchase or sale of a security?

    Yes _____   No _____

**QUESTION:**

Did the SEC prove each of the essential elements of its claim as to defendant <u>Peter Black</u>? If you answered "No" to any of the above questions, answer "No." If you answered "Yes" to all of the above questions, answer "Yes."

   Yes (Liable) _____   No (Not Liable) _____

**Please continue on to the next page.**

# VERDICT FORM: ALTERNATIVE A

**INSTRUCTION:**

The SEC has the burden of proving each of the following elements by a preponderance of the evidence. If the SEC has met its burden of proof as to an essential element, answer "Yes;" otherwise, answer "No." Answer separately as to each element.

**ELEMENTS:**

1. Did the SEC prove that Obus knew that Strickland owed a duty of trust and confidence to GE Capital on May 24, 2001 to keep confidential the forthcoming Allied acquisition of SunSource?

    Yes _____    No _____

2. Did the SEC prove that Obus knew that Strickland breached his duty of trust and confidence owed to GE Capital by disclosing the forthcoming Allied acquisition of SunSource to Black on May 24, 2001?

    Yes _____    No _____

3. Did the SEC prove that Obus knew that Strickland's breach of his duty of trust and confidence owed to GE Capital on May 24, 2001 was in exchange for a personal benefit to Strickland?

    Yes _____    No _____

4. Did the SEC prove that Obus knew that the information he received from Black on May 24, 2001 was material?

    Yes _____    No _____

5. Did the SEC prove that Obus knew that the information he received from Black on May 24, 2001 was nonpublic?

    Yes _____    No _____

6. Did the SEC prove that Obus traded in SunSource stock on June 8, 2001 on the basis of the information that Allied was planning to acquire SunSource?

    Yes _____    No _____

**VERDICT FORM: ALTERNATIVE A**

7. Did the SEC prove that Obus intentionally traded on June 8, 2001 on the basis of the forthcoming Allied acquisition of SunSource? If you find that Obus acted with anything less than intent, including acting recklessly, negligently, carelessly, or inadvertently, answer "No."

    Yes _____   No _____

8. Did the SEC prove that Obus's conduct on June 8, 2001 was in connection with the purchase or sale of a security?

    Yes _____   No _____

9. Did the SEC prove that on June 8, 2001, Obus used or caused to be used a means or instrumentality of interstate commerce in connection with the purchase or sale of a security?

    Yes _____   No _____

**QUESTION:**

Did the SEC prove each of the essential elements of its claim as to defendant <u>Nelson Obus</u>?
If you answered "No" to any of the above questions, answer "No."  If you answered "Yes" to all of the above questions, answer "Yes."

    Yes (Liable) _____   No (Not Liable) _____


_____          _____
         Foreperson                                  Date

**VERDICT FORM: ALTERNATIVE B[2]**

---

[2] Alternative B is offered only in the event the Court rejects Defendants' arguments (1) that intent is required to establish scienter under the federal securities laws and (2) that *Obus* was incorrectly decided with respect to the standard that applies to a tippee's knowledge that confidential information was initially obtained and transmitted in violation of the tipper's duty to his or her principal. This alternative verdict form is offered without prejudice to Defendants' right to pursue both arguments on appeal.

# VERDICT FORM: ALTERNATIVE B

**INSTRUCTION:**

The SEC has the burden of proving each of the following elements by a preponderance of the evidence. If the SEC has met its burden of proof as to an essential element, answer "Yes;" otherwise, answer "No." Answer separately as to each element.

**ELEMENTS:**

1. Did the SEC prove that on May 24, 2001, Strickland had knowledge of Allied's planned acquisition of SunSource?

    Yes_____     No _____

2. Did the SEC prove that Strickland owed a duty of trust and confidence to GE Capital on May 24, 2001 to keep confidential that Allied was planning to acquire SunSource?

    Yes _____     No _____

3. Did the SEC prove that on May 24, 2001, Strickland disclosed to Black that Allied was planning to acquire SunSource?

    Yes _____     No _____

4. Did the SEC prove that Strickland intentionally or recklessly disclosed to Black on May 24, 2001 that Allied was planning to acquire SunSource? If you find that Strickland acted negligently, carelessly, or inadvertently, answer "No."

    Yes _____     No _____

5. Did the SEC prove that Strickland knew, or was reckless in not knowing, that Black was likely to trade on the information Strickland disclosed or disseminate the information further for his own benefit? If you find that Strickland believed in good faith that the information he disclosed to Black would not be used for trading purposes, answer "No."

    Yes _____     No _____

6. Did the SEC prove that the forthcoming Allied acquisition of SunSource was material information on May 24, 2001?

    Yes _____     No _____

7. Did the SEC prove that the forthcoming Allied acquisition of SunSource was nonpublic information on May 24, 2001?

    Yes _____     No _____

10

**VERDICT FORM: ALTERNATIVE B**

8. Did the SEC prove that Strickland knew on May 24, 2001 that the forthcoming Allied acquisition of SunSource was material information, or that he acted with reckless disregard of the nature of the information?

    Yes _____   No _____

9. Did the SEC prove that Strickland knew on May 24, 2001 that the forthcoming Allied acquisition of SunSource was nonpublic information, or that he acted with reckless disregard of the nature of the information?

    Yes _____   No _____

10. Did the SEC prove that Strickland breached his duty of trust and confidence to GE Capital in his May 24, 2001 discussion with Black?

    Yes _____   No _____

11. Did the SEC prove that on May 24, 2001 Strickland knowingly or recklessly breached his duty of trust and confidence owed to GE Capital? If you find that Strickland acted negligently, carelessly, or inadvertently, answer "No."

    Yes _____   No _____

12. Did the SEC prove that Strickland personally benefitted in some way, directly or indirectly, from the May 24, 2001 disclosure to Black?

    Yes _____   No _____

13. Did the SEC prove that Strickland's conduct on May 24, 2001 was in connection with the purchase or sale of a security?

    Yes _____   No _____

14. Did the SEC prove that on May 24, 2001, Strickland used or caused to be used a means or instrumentality of interstate commerce in connection with the purchase or sale of a security?

    Yes _____   No _____

**QUESTION:**

Did the SEC prove each of the essential elements of its claim as to defendant <u>Brad Strickland</u>? If you answered "No" to any of the above questions, answer "No." If you answered "Yes" to all of the above questions, answer "Yes."

    Yes (Liable) _____   No (Not Liable) _____

**<u>VERDICT FORM: ALTERNATIVE B</u>**

**If you answered "No" to <u>any</u> of the above questions, the SEC has not proven its claim as to defendant Brad Strickland.  Do not answer the following questions regarding defendants Peter Black and Nelson Obus, as they cannot be liable if Brad Strickland is not liable.  Please turn to the end of this form and have the foreperson sign and date it.**

**If you answered "Yes" to <u>all</u> of the above questions, please <u>move on to the next page</u>.**

# **VERDICT FORM: ALTERNATIVE B**

**INSTRUCTION**

The SEC has the burden of proving each of the following elements by a preponderance of the evidence.  If the SEC has met its burden of proof as to an essential element, answer "Yes;" otherwise, answer "No."  Answer separately as to each element.

**ELEMENTS:**

1. Did the SEC prove that Black knew or had reason to know that Strickland owed a duty of trust and confidence to GE Capital on May 24, 2001 to keep confidential the forthcoming Allied acquisition of SunSource?

    Yes _____     No _____

2. Did the SEC prove that Black knew or had reason to know that Strickland breached his duty of trust and confidence to GE Capital by disclosing the forthcoming Allied acquisition of SunSource to Black on May 24, 2001?

    Yes _____     No _____

3. Did the SEC prove that Black knew or had reason to know that Strickland's breach of his duty of trust and confidence to GE Capital on May 24, 2001 was in exchange for a personal benefit to Strickland?

    Yes _____     No _____

4. Did the SEC prove that Black disclosed the forthcoming Allied acquisition of SunSource to Nelson Obus on May 24, 2001?

    Yes _____     No _____

5. Did the SEC prove that Black acted intentionally or recklessly in disclosing to Obus on May 24, 2001 the forthcoming Allied acquisition of SunSource?  If you find that Black acted negligently, carelessly, or inadvertently, answer "No."

    Yes _____     No _____

6. Did the SEC prove that Black knew, or was reckless in not knowing, that Obus was likely to trade on the information he learned from Strickland or disseminate the information further for Obus's own benefit?  If you find that Black believed in good faith that the information he disclosed to Obus would not be used for trading purposes, answer "No."

    Yes _____     No _____

**VERDICT FORM: ALTERNATIVE B**

7. Did the SEC prove that Black knew that the information he received on May 24, 2001 from Strickland was material, or that Black acted with reckless disregard of the nature of the information?

    Yes \_\_\_\_\_    No \_\_\_\_\_

8. Did the SEC prove that Black knew that the information he received on May 24, 2001 from Strickland was nonpublic, or that Black acted with reckless disregard of the nature of the information?

    Yes \_\_\_\_\_    No \_\_\_\_\_

9. Did the SEC prove that Black personally benefited in some way, directly or indirectly, from disclosing to Obus on May 24, 2001 the information he received from Strickland?

    Yes \_\_\_\_\_    No \_\_\_\_\_

10. Did the SEC prove that Black's conduct on May 24, 2001 was in connection with the purchase or sale of a security?

    Yes \_\_\_\_\_    No \_\_\_\_\_

11. Did the SEC prove that on May 24, 2001, Black used or caused to be used a means or instrumentality of interstate commerce in connection with the purchase or sale of a security?

    Yes \_\_\_\_\_    No \_\_\_\_\_

**QUESTION:**

Did the SEC prove each of the essential elements of its claim as to defendant <u>Peter Black</u>?
If you answered "No" to any of the above questions, answer "No." If you answered "Yes" to all of the above questions, answer "Yes."

    Yes (Liable) \_\_\_\_\_    No (Not Liable) \_\_\_\_\_

**Please continue on to the next page.**

# VERDICT FORM: ALTERNATIVE B

**INSTRUCTION:**

The SEC has the burden of proving each of the following elements by a preponderance of the evidence. If the SEC has met its burden of proof as to an essential element, answer "Yes;" otherwise, answer "No." Answer separately as to each element.

**ELEMENTS:**

1.  Did the SEC prove that Obus knew or had reason to know that Strickland owed a duty of trust and confidence to GE Capital on May 24, 2001 to keep confidential the forthcoming Allied acquisition of SunSource?

    Yes _____    No _____

2.  Did the SEC prove that Obus knew or had reason to know that Strickland breached his duty of trust and confidence owed to GE Capital by disclosing the forthcoming Allied acquisition of SunSource to Black on May 24, 2001?

    Yes _____    No _____

3.  Did the SEC prove that Obus knew or had reason to know that Strickland's breach of his duty of trust and confidence owed to GE Capital on May 24, 2001 was in exchange for a personal benefit to Strickland?

    Yes _____    No _____

4.  Did the SEC prove that Obus knew that the information he received from Black on May 24, 2001 was material, or that Obus acted with reckless disregard of the nature of the information?

    Yes _____    No _____

5.  Did the SEC prove that Obus knew that the information he received from Black on May 24, 2001 was nonpublic, or that he acted with reckless disregard of the nature of the information?

    Yes _____    No _____

6.  Did the SEC prove that Obus traded in SunSource stock on June 8, 2001 on the basis of the information that Allied was planning to acquire SunSource?

    Yes _____    No _____

15

**VERDICT FORM: ALTERNATIVE B**

7. Did the SEC prove that Obus intentionally or recklessly traded on June 8, 2001 on the basis of the forthcoming Allied acquisition of SunSource?

    Yes _____   No _____

8. Did the SEC prove that Obus's conduct on June 8, 2001 was in connection with the purchase or sale of a security?

    Yes _____   No _____

9. Did the SEC prove that on June 8, 2001, Obus used or caused to be used a means or instrumentality of interstate commerce in connection with the purchase or sale of a security?

    Yes _____   No _____

**QUESTION:**

Did the SEC prove each of the essential elements of its claim as to defendant <u>Nelson Obus</u>? If you answered "No" to any of the above questions, answer "No." If you answered "Yes" to all of the above questions, answer "Yes."

    Yes (Liable) _____   No (Not Liable) _____


_____          _____
        Foreperson                                Date