**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION, :

                       :

                Plaintiff,      :     No. 06 Civ. 3150 (GBD)

    - against -                :

                       :     **ECF Case**

NELSON J. OBUS,                :

PETER F. BLACK,                :

THOMAS BRADLEY STRICKLAND,     :

                       :

                Defendants, and      :

                       :

WYNNEFIELD PARTNERS SMALL        :

      CAP VALUE L.P.,             :

WYNNEFIELD PARTNERS SMALL        :

      CAP VALUE L.P. I,           :

WYNNEFIELD PARTNERS SMALL        :

      CAP VALUE OFFSHORE FUND, LTD.,    :

                       :

              Relief Defendants.    :

-------------------------------------------------------------------x

## PROPOSED JOINT PRETRIAL ORDER

Pursuant to the Individual Practices of Judge George B. Daniels, the parties in the above-

captioned case hereby submit their proposed Joint Pretrial Order.


**I.**      **Full Caption of the Case**

Provided above.


**II.**      **Names, Addresses, And Telephone And Fax Numbers Of Trial Counsel**

    A.   For the Plaintiff, Securities and Exchange Commission:
         100 F Street, NE, Washington, D.C. 20549-5977
         Paul W. Kisslinger
         Kyle M. DeYoung
         Jonathan Haray
         Tel:     (202) 551-4427 (Kisslinger)
                 (202) 551-4466 (DeYoung)
                 (202) 551-8933 (Haray)
         Fax:    (202) 772-9292 (fax)

    B.   For Defendant Nelson Obus and the Wynnefield Fund Relief Defendants:
          Joel M. Cohen
          Mary Kay Dunning
          Darcy C. Harris
          Gibson, Dunn & Crutcher LLP
          200 Park Avenue, New York, NY 10166-0193
          Tel (212) 351-4000
          Fax (212) 351-4305

    C.   For Defendant Peter Black:
          Mark S. Cohen
          Jonathan S. Abernethy
          Reginald B. Schafer
          Cohen & Gresser LLP
          800 Third Avenue, New York, NY 10022
          Tel:  (212) 957-7600
          Fax:  (212) 957-4514

    D.   For Defendant Thomas Bradley Strickland:
          Roland G. Riopelle
          Robert Caliendo
          Sercarz & Riopelle, LLP
          810 Seventh Avenue, New York, NY 10019
          Tel:  (212) 586-4900
          Fax:  (212) 586-1234

## III.    <u>Basis of Subject Matter Jurisdiction</u>

Subject matter jurisdiction in this action is not disputed.  This Court has jurisdiction over the action pursuant to Sections 21(d), 21A, and 27 of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78u(d), 78u-1, and 78aa] ("Exchange Act").  In connection with certain of the alleged transactions, acts, practices, and courses of business at issue herein, defendants directly or indirectly made use of the means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange.

IV.     **Summary Of Claims And Defenses**

A.  **Plaintiff's Statement of the Case**

This is an insider trading action, brought under Section 10b of the Exchange Act [15 U.S.C. § 78(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].  The SEC has alleged, and will prove at trial that Defendant Thomas Bradley Strickland, an assistant vice president and underwriter for GE Capital, learned that SunSource, Inc. was going to be sold to the financial firm, Allied Capital.  On May 24, 2001, Strickland tipped his friend, Defendant Peter Black, about the SunSource acquisition.  Black worked as an analyst for Wynnefield Capital ("Wynnefield"), a family of hedge funds with a history of investing in SunSource.  Black immediately tipped his boss, Nelson Obus, who ran Wynnefield.  Two weeks later, Obus directed Wynnefield to purchase a large block of SunSource stock—approximately 5% of the outstanding shares of the company—before the news about the SunSource acquisition was publicly announced, and while in knowing possession of that information.  Once that news of the SunSource acquisition was announced, on June 19, 2001, SunSource's stock price nearly doubled in value.  As a result of Obus's trading while in knowing possession of material nonpublic information, Black, Obus, and the Wynnefield funds earned more than $1.3 million in illegal profits attributable to insider trading activities.

The facts and circumstances surrounding Wynnefield's purchase on June 8, 2001, including the close relationships of the defendants, admissions and other actions by the defendants that evidence a consciousness of wrongdoing, anomalous trading activity by Wynnefield, and conflicts and inconsistencies in the defendants' stories, will establish to the jury that it was more likely than not that defendants engaged in insider trading.

Issues that remain to be tried:  The SEC will need to establish at trial by a preponderance of the evidence that (1) Strickland tipped Black, and Black tipped Obus, material non-public

information about the SunSource acquisition; (2) Obus purchased the block of SunSource shares on June 8, 2001 while in "knowing possession" of this information; (3) Strickland violated a duty of trust and confidence owed to his employer, GE Capital, by disclosing this information; (4) Black and Obus knew or should have known that Strickland's disclosure violated a duty of trust and confidence; (5) Strickland and Black benefited from their disclosures, such as by pecuniary or reputational benefit, or "making a gift of confidential information to a trading relative or friend;" and (6) the defendants acted with the requisite scienter, which includes either knowing or reckless behavior.  *See SEC v. Obus*, 693 F.3d 276, 289 (2d Cir. 2012); *SEC v. Warde*, 151 F.3d 42, 47 (2d Cir. 1998).

Issues that are not to be tried:  The SEC's "classical theory" claim -- that Strickland violated a duty to SunSource, Inc. -- is no longer in the case following the Court's granting of summary judgment against the SEC on this claim.  In addition, "There is no dispute that *if* Strickland passed along information about [the SunSource acquisition], it would have qualified as material and non-public."  *SEC v. Obus,* 693 F.3d 276, 290 n. 3 (2d Cir. 2012) (emphasis in original).  The SEC also will move *in limine* to eliminate evidence and issues from the trial that are irrelevant, misleading, confusing, and unfairly prejudicial, in order to appropriately streamline and focus the case.

### B.  Defendants' Statement of the Case

The defendants deny the SEC's allegations and dispute its description of the facts, above. Defendants deny that Strickland discussed that Allied was planning to acquire SunSource with Black on May 24, 2001.  They further deny that Black knew of or disclosed the forthcoming Allied acquisition of SunSource to Obus.  The defendants also deny that Obus knew that Allied was planning to acquire SunSource, or that Obus's trades in SunSource stock prior to the

announcement of the acquisition were in any way based on the forthcoming Allied acquisition of SunSource.

Defendants assert that during the May 24, 2001 conversation (which Black recalls as a phone call, and Strickland recalls as an in-person conversation at a restaurant), Strickland simply asked Black general questions about SunSource's management and told Black that GE Capital was considering doing business with SunSource.  Wynnefield was one of SunSource's largest shareholders, had been investing in the company since 1997, and had been following the company for years prior to 1997.  Wynnefield's purchase of SunSource stock over two weeks after Strickland and Black's May 24, 2001 conversation was the result of an unsolicited offer to sell a block of SunSource stock communicated from a broker at Cantor Fitzgerald.  Wynnefield bid down the price before agreeing to purchase this block of shares on June 8, 2001.  On June 11, 2001, Wynnefield sold a portion of its SunSource stock.  Upon learning about the Allied acquisition of SunSource on June 19, 2001, Obus and Wynnefield actively opposed the acquisition because they believed SunSource was worth far more than the price Allied had agreed to pay.

After Allied's acquisition of SunSource was announced, GE Capital conducted an internal investigation to determine if Strickland's May 24, 2001 conversation with Black constituted stock tipping under GE Capital's policies and procedures.  GE Capital concluded that Strickland made a mistake in contacting Black without first consulting counsel or obtaining appropriate supervisory approval, but that Strickland did not do so with any sort of malice or intent.  GE Capital placed a letter of reprimand in Strickland's file, but did not terminate his employment.

Issues that remain to be tried:  Defendants have a different view of the "Issues that remain to be tried."  Each of the precise elements that the SEC must prove by a preponderance of

the evidence is laid out in Defendants' Proposed Jury Instructions and Defendants' Proposed

Verdict Form, which were filed with the Court on March 26, 2014.

In summary, the SEC must, consistent with its allegations in the Amended Complaint,

prove at trial by a preponderance of the evidence that  (1) on May 24, 2001, Strickland tipped

Black, and Black tipped Obus, that SunSource was going to be acquired by Allied; (2) the

forthcoming Allied acquisition of SunSource was material information;[1] (3) the forthcoming

Allied acquisition of SunSource was non-public information;[2] (4) Obus purchased the block of

SunSource shares on June 8, 2001 on the basis of the information that SunSource was going to

be acquired by Allied; (5) Strickland violated a duty of trust and confidence owed to his

employer, GE Capital, by disclosing to Black that SunSource was going to be acquired by

Allied; (6) Black and Obus knew that Strickland's disclosure violated a duty of trust and

confidence; (7) Strickland and Black benefited from their disclosures; (8) the defendants acted

with the requisite scienter; (9) each of the defendants' conduct was in connection with the

purchase or sale of a security; and (10) each of the defendants used or caused to be used a means

or instrumentality of interstate commerce in connection with the purchase or sale of a security.

Issues that are not to be tried:  Defendants will move *in limine* to eliminate evidence and

issues from the trial that are inadmissible, irrelevant, misleading, confusing, and/or unfairly

prejudicial, as appropriate.

---

[1]    *SEC v. Obus*, 693 F.3d 276, 290 n.3 (2d Cir. 2012) is not to the contrary.  Facts that were deemed undisputed for purposes of summary judgment must nevertheless be proven by the SEC at trial where they are essential elements of the alleged offense.

[2]    *SEC v. Obus*, 693 F.3d 276, 290 n.3 (2d Cir. 2012) is not to the contrary.  Facts that were deemed undisputed for purposes of summary judgment must nevertheless be proven by the SEC at trial where they are essential elements of the alleged offense.

**V.      Statement As To Whether Case Is To Be Tried With Or Without Jury; Number Of Trial Days Needed**

**A. Plaintiff's Statement**

This case is to be tried with a jury.  The SEC estimates that the trial will last approximately ten trial days, and that its case in chief will take between five and six trial days. The length of time of the trial will depend in significant part on the Court's ruling on a handful of overarching evidentiary rulings concerning the scope, breadth, and subject matter of the defendants' defense and cross examination, which likely will involve many facts and issues that are unrelated to the tipping and trading activity of the defendants or other facts at issue in this action.

**B. Defendants' Statement**

This case is to be tried with a jury.  Defendants estimate that their case in chief will take approximately 5 or 6 trial days.  Although the SEC has the burden of proof throughout this action, the defendants are entitled to present a defense, and they reserve the right to do so.  As is clear from the above statements of the case, the SEC and defendants have very different positions regarding the facts of this case.  Defendants reserve the right to present evidence in support of their alternate explanation of the relevant facts in this case.

**VI.      Trial By Magistrate Judge**

The parties do not consent to trial by a Magistrate Judge.

**VII.      Stipulation or Agreed Statement of Facts of Law**

The parties will attempt to reach agreement on stipulated facts and law prior to the date of the final pretrial conference.

## VIII.   Witness Lists

### A.   Plaintiff's Witness List

The SEC's Witness List is attached hereto as **Exhibit A**.  The SEC reserves the right to modify and supplement this list, and to call, and refrain from calling any witnesses, in any order, subject to Court rulings on evidentiary motions and as otherwise appropriate.  The SEC also reserves the right to offer additional witnesses on rebuttal, to offer records custodians to authenticate any disputed exhibits offered by the SEC, to offer summary witnesses to summarize voluminous records, and to object to witnesses, evidence, and argument offered by the defendants notwithstanding whether the same, or similar, evidence and argument is offered by the SEC by and through these or other witnesses.

Defendants reserve the right to object to, and move *in limine* to exclude, various witnesses on the SEC's Witness List in accordance with the pretrial schedule.  In particular, defendants object to the following witnesses:

1.   Preston Athey, Gregory McCrickard, and Susan Klein, on the grounds of, *inter alia*, lack of relevance (FRE 401, 402) and lack of personal knowledge (FRE 602).

2.   Melanie Gillis, on the grounds of, *inter alia*, lack of relevance (FRE 401, 402) and lack of personal knowledge (FRE 602).

3.   Thomas Sharbaugh, on the grounds of, *inter alia*, privilege (FRE 502), hearsay (FRE 802), lack of relevance (FRE 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (FRE 403).

### B.   Defendants' Witness List

Defendants' Witness List is attached hereto as **Exhibit B**.  Defendants reserve the right to call any of the individuals listed on plaintiff's Witness List, or any sur-rebuttal witnesses as defendants deem appropriate, whether or not plaintiff calls those individuals to testify at trial. Defendants reserve the right to call any witness necessary to authenticate documents to which an

authentication objection is made, and to testify about such documents.  Defendants reserve the

right to offer summary witnesses to summarize voluminous records, and to object to witnesses,

evidence, and argument offered by the plaintiff, notwithstanding whether the same, or similar,

evidence and argument is offered by defendants by and through these and other witnesses.

Defendants reserve the right to modify and amend this Witness List as necessary based

on any amendments plaintiff makes to its Witness List, Exhibit List, and other pre-trial filings, as

well as any rulings that the Court may make, including with respect to witnesses, evidence, or *in*

*limine* motions.  Defendants reserve the right to call, and refrain from calling any witnesses, in

any order, subject to Court rulings on evidentiary motions and as otherwise appropriate.

As part of the SEC's motions *in limine*, to be filed in accordance with the pretrial

schedule, the SEC will move *in limine* to exclude various witnesses on the defendants' Witness

List, including as follows:

1. In connection with the SEC's motion *in limine* to preclude evidence
concerning tipping and trading activity by individuals other than the
defendants, the SEC objects to Dan Abrams, Michael Haggerty, and William
Muldowney.

2. In connection with the SEC's motion *in limine* to preclude evidence of the
findings of GE Capital's internal investigation, the SEC objects to pertinent
testimony from William Brasser and other GE Capital witnesses.

3. In connection with the SEC's *Daubert* motions, the SEC objects to
defendants' experts, Charles Porten and Tsvetan Beloreshki.

## IX.   Deposition Designations

### A.  Plaintiff's Deposition Designations

The SEC's deposition designations with defendants' objections and counter designations

are attached hereto as **Exhibit C**.  The SEC reserves the right to supplement and modify these

designations, pursuant to evidentiary rulings of the Court and otherwise, to designate additional

designations on cross and rebuttal, to withdraw and add witnesses, or portions of testimony, and

to introduce testimony by topic or subject matter in an order of the SEC's choosing, notwithstanding the timing and order that the testimony was recorded in the transcripts.  The SEC also reserves the right to object to defendants' designations of testimony from these or other witnesses, and to object to designations offered on cross that venture beyond the scope of the testimony offered by the SEC on direct.  Designations of deposition text may vary to enable appropriate synching with audio/video.

Defendants reserve the right to withdraw, amend, and supplement their objections to the SEC's deposition designations, pursuant to the Court's ruling on evidentiary motions, and otherwise.  By including a counter designation, defendants are not conceding that the SEC's designation, as modified, is admissible, and defendants reserve the right to object to the admissibility of both the SEC's designation and defendants' counter designation on other grounds.  Defendants further reserve the right to use deposition testimony designated by the SEC at trial, notwithstanding any objections raised herein, and without waiving any objections thereto.  To avoid unnecessary duplication, defendants have not counter-designated for each of plaintiff's deposition designations all applicable testimony to the extent such testimony is elsewhere identified in plaintiff's designations, defendants' designations, or defendants' counter designations.  Accordingly, defendants reserve the right to offer at trial, for any witness, any of defendants' deposition counter-designations and/or any of plaintiff's proposed deposition designations that plaintiff declines to offer at trial regardless of the actual deposition designations plaintiff offers at trial.

In addition to the specific objections raised in the attached deposition designations, defendants also reserve the right to object to, and move *in limine* to exclude, the SEC's witnesses and/or deposition designations in accordance with the pretrial schedule.  In particular, defendants object to the following general topics of evidence and testimony represented in the SEC's

10

deposition designations that may be offered at trial:

1. Testimony from T. Rowe price employees, on the grounds of, *inter alia*, lack of relevance (FRE 401, 402) and lack of personal knowledge (FRE 602).

2. Testimony from Melanie Gillis and evidence regarding the AuTex database, on the grounds of, *inter alia*, lack of relevance (FRE 401, 402) and lack of personal knowledge (FRE 602).

3. Nelson Obus's alleged statements to Maurice Andrien and Dan Russell, as offered against Strickland and Black, on the grounds of hearsay (FRE 802).

4. Testimony regarding (a) improper lay expert opinion from fact witnesses who lack percipient knowledge of the facts, (b) legal principles, or (c) the ultimate issues in the case, on the grounds of, *inter alia*, improper lay expert testimony (FRE 701), improper lay opinion testimony (FRE 602, 701), usurping the roles of the judge and jury, and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (FRE 403).

5. Testimony from GE Capital employees regarding their opinions of and understanding regarding GE Capital policies, on the grounds of, *inter alia*, lack of relevance (FRE 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (FRE 403).

6. Testimony from Thomas Sharbaugh or any reference to Maurice Andrien's or Dan Russell's consultation or conversations with legal counsel, on the grounds of, *inter alia*, privilege (FRE 502), hearsay (FRE 802), lack of relevance (FRE 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (FRE 403).

7. Maurice Andrien's statements to Joseph Corvino regarding Andrien's conversations with Nelson Obus and Corvino's speculation about such conversations, on the grounds of hearsay (FRE 802) and lack of personal knowledge (FRE 602).

8. Prejudicial email correspondence between Strickland and Black, on the grounds of, *inter alia*, lack of relevance (FRE 401, 402) and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (FRE 403).

**B. Defendants' Deposition Designations**

Defendants' deposition designations with the SEC's objections and counter designations are attached hereto as **Exhibit D**.  In the event that any of the witnesses for whom defendants

have designated deposition testimony are available to testify live at trial, defendants reserve the right to call such witnesses live and object to the admission of any deposition designations for such witnesses.  In addition, in the event that any of the witnesses that defendants currently intend to call live at trial become unavailable, defendants reserve the right to call such witnesses via video deposition testimony and will amend their deposition designations accordingly.

To avoid unnecessary duplication, defendants have not counter-designated for each of plaintiff's deposition designations all applicable testimony to the extent such testimony is elsewhere identified in plaintiff's designations, defendants' designations, or defendants' counter designations.  Accordingly, defendants reserve the right to offer at trial, for any witness, any of defendants' deposition counter-designations and/or any of plaintiff's proposed deposition designations that plaintiff declines to offer at trial regardless of the actual deposition designations plaintiff offers at trial.  Defendants reserve the right to introduce designations by topic or subject matter in an order of the defendants' choosing, notwithstanding the timing and order that the testimony was recorded in the transcript(s).

Defendants reserve the right to supplement and modify these deposition designations as necessary based on any amendments plaintiff makes to its Witness List, Exhibit List, Deposition Designations, and other pre-trial filings, as well as any rulings that the Court may make, including with respect to witnesses, evidence, or *in limine* motions.  Defendants also reserve the right to modify these Deposition Designations based on additional pretrial discovery and information learned from fact witnesses not yet deposed.

The inclusion of a designation on this list of deposition designations shall not be deemed to be an admission by any defendant that such designation is relevant or admissible for any particular purpose.  Defendants reserve the right the object to plaintiff's designation of testimony from these or other witnesses, and to object to designations offered on cross-examination that

venture beyond the scope of the testimony offered by defendants on direct examination.

Designations of deposition text may vary to enable appropriate synching with audio/video.

Defendants reserve the right to use additional designations for purposes of impeachment,

rebuttal, or sur-rebuttal, in accordance with the Court's rule.

The SEC reserves the right to withdraw, amend, and supplement its objections to the

defendants' deposition designations, pursuant to the Court's ruling on evidentiary motions, and

otherwise.  By including a counter designation, the SEC does not concede that the defendants'

designations are admissible, even as modified, and reserves the right to object to the

admissibility of both the defendants' designation and the SEC's counter designation on other

grounds.  The SEC further reserves the right to use deposition testimony designated by

defendants at trial, notwithstanding any objections raised herein, and without waiving any

objections thereto.

In addition to the specific objections raised in the attached deposition designations, the

SEC objects to the following general topics of evidence and testimony represented in the

defendants' deposition designations that may be offered at trial:

1. The results, findings, and conclusions of GE Capital's internal investigation into trading of SunSource stock by Bradley Strickland and Karl Slosberg, on the grounds of hearsay (F.R.E. 802), lack of relevance (F.R.E. 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (F.R.E. Rule 403)

2. Trading in SunSource stock, and related alleged tipping activity, by individuals other than the defendants in this action, on the grounds of hearsay (F.R.E. 802), lack of relevance (F.R.E. 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (F.R.E. Rule 403)

3. The fairness of the purchase price of SunSource in 2001; how much Allied was able to sell SunSource and its subsidiaries for after acquiring the company in 2001, on the grounds of hearsay (F.R.E. 802), lack of relevance (F.R.E.

401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (F.R.E. Rule 403)

4. Compensation, options, benefits, profits made by SunSource and Allied executives prior to and after the SunSource-Allied transaction, on the grounds of hearsay (F.R.E. 802), lack of relevance (F.R.E. 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (F.R.E. Rule 403)

5. Communications between SunSource, Allied, and third parties engaged to assist in SunSource-Allied acquisition, on the grounds of hearsay (F.R.E. 802), lack of relevance (F.R.E. 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (F.R.E. Rule 403)

6. Many of the exhibits are duplicative, repetitive, and unnecessarily cumulative (F.R.E. 403)

7. All communications between Alan Weber and his counsel, Matthew Day, on the grounds of privilege (See Weber Dep. at 292-293).

## X.     Exhibit Lists

### A.  Plaintiff's Exhibit List

The SEC's Exhibit List with defendants' objections is attached hereto as **Exhibit E**. The SEC reserves the right to modify and supplement this list, pursuant to Court evidentiary rulings and otherwise, to combine, separate, and rearrange exhibits, remove any exhibits, and portions thereof, to refrain from offering any exhibits, and portions thereof, and to object to defendants' use or offering of any of the SEC's exhibits, or portions thereof. To the extent that the authenticity or admissibility of any exhibit is challenged, the SEC reserves the right to introduce additional evidence (in the form of, e.g., records certifications, testimony of records custodians or other knowledgeable witnesses) to establish the authentication or admissibility of challenged exhibits. The SEC also reserves the right to offer any exhibits, or parts of exhibits, on the

defendants' exhibit list.  The numbering, order, and identification of the exhibits may change

prior to trial.

Defendants reserve the right to object to any document offered by the SEC that does not

currently appear on Plaintiff's Exhibit List, including but not limited to any document that

appears on Defendants' Exhibit List.  Defendants also reserve the right to withdraw, amend, and

supplement their objections to the SEC's exhibit list, pursuant to the Court's ruling on

evidentiary motions, and otherwise.  Defendants further reserve the right to use exhibits

submitted on the SEC's exhibit list, in part or whole, at trial, notwithstanding any objections

raised herein, and without waiving any objections thereto.

In addition to the specific objections raised in the attached exhibit list, defendants also

reserve the right to object to, and move *in limine* to exclude, various exhibits on the SEC's

exhibit list in accordance with the pretrial schedule.  In particular, defendants object to the

following general topics of evidence and testimony represented in the SEC's exhibit list that may

be offered at trial:

1. Testimony and evidence related to T. Rowe price and its employees, on the grounds of, *inter alia*, lack of relevance (FRE 401, 402) and lack of personal knowledge (FRE 602).

2. Testimony from Melanie Gillis and evidence regarding the AuTex database, on the grounds of, *inter alia*, lack of relevance (FRE 401, 402) and lack of personal knowledge (FRE 602).

3. Nelson Obus's alleged statements to Maurice Andrien and Dan Russell, as offered against Strickland and Black, on the grounds of hearsay (FRE 802).

4. Testimony regarding (a) improper lay expert opinion from fact witnesses who lack percipient knowledge of the facts, (b) legal principles, or (c) the ultimate issues in the case, on the grounds of, *inter alia*, improper lay expert testimony (FRE 701), improper lay opinion testimony (FRE 602, 701), usurping the roles of the judge and jury, and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (FRE 403).

5. Testimony from GE Capital employees regarding their opinions of and

15

understanding regarding GE Capital policies, on the grounds of, *inter alia*, lack of relevance (FRE 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (FRE 403).

6. Testimony from Thomas Sharbaugh or any reference to Maurice Andrien's or Dan Russell's consultation or conversations with legal counsel, on the grounds of, *inter alia*, privilege (FRE 502), hearsay (FRE 802), lack of relevance (FRE 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (FRE 403).

7. Maurice Andrien's statements to Joseph Corvino regarding Andrien's conversations with Nelson Obus and Corvino's speculation about such conversations, on the grounds of hearsay (FRE 802) and lack of personal knowledge (FRE 602).

8. Prejudicial email correspondence between Strickland and Black, on the grounds of, *inter alia*, lack of relevance (FRE 401, 402) and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (FRE 403).

**B. Defendants' Exhibit List**

Defendants' Exhibit List with the SEC's objections is attached hereto as **Exhibit F**.

Defendants reserve the right to amend this Exhibit List as necessary based on any amendments plaintiff makes to its Witness List, Exhibit List, and other pre-trial filings, as well as any rulings that the Court may make, including with respect to witnesses, evidence, or *in limine* motions. The inclusion of a document on this Exhibit List shall not be deemed to be an admission by any defendant that such document or portion thereof is relevant or admissible for any particular purpose.

To the extent that the authenticity or admissibility of any exhibit on this list is challenged, defendants reserve the right to introduce additional evidence (in the form of, e.g., records certifications, testimony of records custodians, or other knowledgeable witnesses) to establish the authentication and/or admissibility of such challenged exhibits. Defendants also reserve the right to offer any exhibits, or portions thereof, listed on the plaintiff's exhibit list.

Defendants reserve the right to use additional exhibits for purposes of impeachment, rebuttal, or sur-rebuttal, in accordance with the Court's rule.  Defendants reserve the right to modify this Exhibit List based on additional pretrial discovery and information learned from fact witnesses not yet deposed.  The numbering, order, and identification of defendants' exhibits may change prior to trial.

The SEC reserves the right to withdraw, amend, and supplement its objections to the defendants' exhibit list, pursuant to the Court's ruling on evidentiary motions, and otherwise. The SEC further reserves the right to use exhibits submitted on the defendants' exhibit list, in part or whole, at trial, notwithstanding any objections raised herein, and without waiving any objections thereto.

In addition to the specific objections raised in the attached exhibit list, the SEC objects to the following general topics of evidence and testimony represented in the defendants' exhibit list that may be offered at trial:

1. The results, findings, and conclusions of GE Capital's internal investigation into trading of SunSource stock by Bradley Strickland and Karl Slosberg, on the grounds of hearsay (F.R.E. 802), lack of relevance (F.R.E. 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (F.R.E. Rule 403)

2. Trading in SunSource stock, and related alleged tipping activity, by individuals other than the defendants in this action, on the grounds of hearsay (F.R.E. 802), lack of relevance (F.R.E. 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (F.R.E. Rule 403)

3. The fairness of the purchase price of SunSource in 2001; how much Allied was able to sell SunSource and its subsidiaries after acquiring the company in 2001, on the grounds of hearsay (F.R.E. 802), lack of relevance (F.R.E. 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (F.R.E. Rule 403)

4. Compensation, options, benefits, profits made by SunSource and Allied

17

executives prior to and after the SunSource-Allied transaction, on the grounds of hearsay (F.R.E. 802), lack of relevance (F.R.E. 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (F.R.E. Rule 403)

5. Communications between SunSource, Allied, and third parties engaged to assist in SunSource-Allied acquisition, on the grounds of hearsay (F.R.E. 802), lack of relevance (F.R.E. 401, 402), and because any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time (F.R.E. Rule 403)

6. Many of the exhibits are duplicative, repetitive, and unnecessarily cumulative (F.R.E. 403)

7. All communications between Alan Weber and his counsel, Matthew Day, on the grounds of privilege (See Weber Dep. at 292-293).

18

Dated: March 31, 2014                        /s/  Paul W. Kisslinger                   
Paul W. Kisslinger
Kyle DeYoung
Jonathan Haray
100 F Street, NE
Washington, D.C. 20549
Direct:  (202) 551-4427 (Kisslinger)
Fax:  (202) 772-9246

*Counsel for Plaintiff Securities and Exchange Commission*


   /s/ Joel M. Cohen                       
Joel M. Cohen
Mary Kay Dunning
Darcy C. Harris
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4305

*Attorneys for Defendant Nelson Obus and*
*Wynnefield Fund Relief Defendants*


   /s/ Mark S. Cohen                      
Mark S. Cohen
Jonathan S. Abernethy
Reginald B. Schafer
COHEN & GRESSER LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514

*Attorneys for Defendant Peter Black*


    /s/ Roland G. Riopelle                  
Roland G. Riopelle
Robert Caliendo
SERCARZ & RIOPELLE, LLP
152 W. 57th Street
New York, New York 10019
Telephone: (212) 586-4900
Facsimile: (212) 586-1234

*Attorneys for Defendant Thomas Bradley Strickland*