**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                     Plaintiff,<br><br>v.<br><br>NELSON J. OBUS, et al.,<br><br>                                     Defendants. | No. 06 Civ. 3150 (GBD)<br>ECF |

**THE SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN**
**SUPPORT OF ITS MOTION TO EXCLUDE EVIDENCE CONCERNING THE**
**FINDINGS OF GE CAPITAL'S INTERNAL INVESTIGATION**

Paul W. Kisslinger
Kyle M. DeYoung
Jonathan Haray
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549
Direct:  (202) 551-4427 (Kisslinger)
Fax:  202-772-9246

*Counsel for Plaintiff Securities and Exchange*
*Commission*

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION**.................................................................................................................1

**BACKGROUND** ................................................................................................................1

**THE GE CAPITAL INTERNAL INVESTIGATION** ..................................................2

**ARGUMENT** .....................................................................................................................4

     I.  **<u>Evidence Regarding the Findings of GE Capital's Internal Investigation is
Inadmissible Hearsay and Should Be Excluded Under F.R.E. 801 and 802</u>** ................4

    II.  **<u>Evidence Regarding the Findings of GE Capital's Internal Investigation is
Inappropriate Opinion Testimony and Should Be Excluded Under F.R.E. 701</u>** .........6

    III.**<u>Evidence Regarding the Findings of GE Capital's Internal Investigation is
Confusing and Prejudicial and Should be Excluded Under F.R.E. 403</u>** .......................9

**CONCLUSION** ................................................................................................................11

## INTRODUCTION

Plaintiff U.S. Securities and Exchange Commission ("SEC") respectfully submits its memorandum in support of its motion *in limine* to exclude at trial all evidence, argument, testimony, mention, depiction, and/or reference (hereinafter "evidence and argument") concerning the findings and conclusions reached by GE Capital Corporation ("GE Capital") from its internal investigation of Brad Strickland related to tipping and trading activities in the shares of SunSource, Inc.

Evidence concerning the results of the GE Capital internal investigation should be excluded for three independent reasons. First, the evidence is inadmissible hearsay and should be excluded under Federal Rules of Evidence ("F.R.E.") 801 and 802. Second, evidence of the findings and conclusions reached by GE Capital from the internal investigation is inappropriate opinion testimony and fails to meet the threshold requirements for admissibility under F.R.E. 701. Finally, the dangers of undue prejudice, confusing the jury and wasting time substantially outweigh any probative value the evidence may have and warrant its exclusion under F.R.E. 403. If allowed at trial, the evidence would confuse and mislead the jury, unfairly prejudice the SEC, and waste a great deal of time as the SEC will need to demonstrate that the internal investigation was incomplete, unreliable, and untrustworthy in order to dispel the "aura of special reliability" that the jury may bestow on such a fact finding conducted by of one of the largest companies in the world. *City of New York v. Pullman Inc.,* 662 F.2d 910, 915 (2d Cir. 1981).

## BACKGROUND

This is an insider trading case. The SEC has alleged and will prove at trial that defendant Bradley Strickland, an assistant vice president and underwriter for GE Capital, learned that SunSource, Inc. was going to be sold to the financial firm, Allied Capital. On May 24, 2001,

Strickland tipped his friend, defendant Peter Black, that SunSource was going to be acquired.  Black worked as an analyst for Wynnefield Capital ("Wynnefield"), a family of hedge funds with a history of investing in SunSource.  Black immediately tipped his boss, Nelson Obus, who ran Wynnefield. Two weeks later, Obus directed Wynnefield to purchase a large block of SunSource stock— approximately 5% of the outstanding shares of the company—before SunSource announced the acquisition to the public.  On the day the news was announced, June 19, 2001, SunSource's stock price nearly doubled in value.

In this case, the pertinent issues at trial will be:  (1) whether Strickland tipped Black, and Black tipped Obus, material non-public information about the SunSource acquisition; (2) whether Obus traded while in knowing possession of this information; (3) whether Strickland violated a duty of trust and confidence owed to his employer, GE Capital, by disclosing this information; (4) whether Black and Obus knew or should have known that Strickland's disclosure violated a duty of trust and confidence; (5) whether Strickland and Black benefited from their disclosures, such as by a reputational benefit, or "making a gift of confidential information to a trading relative or friend;" and (6) whether the defendants acted with the requisite scienter, which includes either knowing or reckless behavior.  *See SEC v. Obus,* 693 F.3d 276, 289 (2d Cir. 2012); *SEC v. Warde,* 151 F.3d 42, 47 (2d Cir. 1998).

### The GE Capital Internal Investigation

In July and August 2002, the SEC issued subpoenas to GE Capital, Wynnefield, and the defendants concerning certain trading in SunSource securities.  *See SEC v. Obus,* 693 F.3d 276, 282 (2d Cir. 2012).  After receiving the SEC's subpoenas, GE Capital conducted an internal investigation of Brad Strickland through counsel.[1]  *Id.* at 283; Brasser Dep. 68:6-69:8.[2]  The internal investigation

---

[1]     GE Capital also investigated another employee, Karl Slosberg, whose sister bought 450 shares of SunSource on June 18, 2001.  The SEC is moving separately to exclude evidence concerning other

of Strickland "did not go beyond interviewing Strickland and other GE Capital employees." *Obus*, 693 F.3d at 283.  The GE Capital investigators did not review or consider, for example, testimony from the former CEO of SunSource, Maurice Andrien, or the former CFO of Allied Capital, Dan Russell, both of whom testified that Obus admitted to them, on two separate occasions, that he had been tipped to the SunSource acquisition.  *Id.* at 281; Brasser Dep. 68:20-69:8, 70:15-71:12, 125:14-126:6.  GE Capital thus could not have known that Andrien testified that Obus admitted to him that GE was the source of his information, namely "a little birdie in Connecticut … GE." *Obus*, 693 F.3d at 281.  GE Capital also did not speak to the alleged tippees, Black or Obus, whose conduct after receiving the call from Strickland was suggestive of receiving a tip.  *See id.* at 290-91; Brasser Dep. 69:8, 70:15-71:12, 125:14-126:6; Black Dep. 154:15-19.[3]  Nor did GE Capital have access to Wynnefield's trading records and phone records, or other documentation gathered by the SEC in its investigation, which further support insider trading activity.  What, if anything, GE Capital's investigators did besides talking to Strickland is unclear.

As a result of the investigation, GE Capital issued a letter of reprimand to Strickland for his conduct related to the SunSource acquisition.[4]  However, based solely on Strickland's depiction of events, GE Capital concluded (the letter of reprimand GE sent to Strickland stated that it reached an "understanding") that Strickland "did not discuss the nature of the specific transaction being contemplated" with Black.  Reprimand Letter at GECC0000100.  When explaining the letter of

---

SunSource tipping and trading activity, which will include the alleged tipping and trading by Slosberg. However, as GE Capital's internal investigation of Slosberg suffers from the same evidentiary flaws as those set forth herein, the SEC hereby moves to exclude all evidence relating to the investigation of Slosberg as well as Strickland.

[2]     A copy of the relevant pages from the William J. Brasser's deposition transcript, dated April 23, 2008, is attached as Exhibit 1 to the Declaration of Paul Kisslinger.

[3]     A copy of the relevant pages from Peter F. Black's deposition transcript, dated June 10, 2008, is attached as Exhibit 2 to the Kisslinger Decl.

[4]     A copy of the reprimand letter from William Brasser to Brad Strickland, dated February 11, 2003 (the "Reprimand Letter", is attached as Ex. 3 to the Kisslinger Decl.

reprimand, a GE Capital representative testified in his deposition that GE Capital concluded that

Strickland "made a mistake" by making the call, but that he did not act with malice, intent, or in bad

faith.  Brasser Dep. 124:5-125:13.  As the Second Circuit recognized, the compelling evidence in the

possession of the SEC, that GE Capital did not have access to or review when reaching its

"understanding," paints a very different picture of what transpired between Strickland and Black on

May 24, 2001, and of Strickland's intent.  *See Obus*, 693 F.3d at 290-91.

It is clear from their pre-trial disclosures that Defendants seek to introduce the reprimand

letter and other evidence and argument about GE Capital's internal investigation findings at trial to

show that Strickland did not tip material nonpublic information and did not have any malicious

intent.  *See* Proposed Joint Pretrial Order at 5-6 and Ex. F.  This evidence is inadmissible for

multiple reasons and should be excluded from trial.

## ARGUMENT

Motions *in limine* appropriately remove irrelevant and unduly prejudicial evidence and

argument from the jury.  *U.S. v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988).  This Court has the

inherent power to exclude irrelevant and prejudicial evidence prior to trial.  *Aristocrat Leisure Ltd.,*

*v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014 (PKL), 2009 U.S. Dist. LEXIS 89183, at *5

(S.D.N.Y. Sept. 28, 2009).  Ruling on these issues in advance prevents interruptions during trial

when it is clear that an issue will arise.  *See Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).

### I.     Evidence Regarding the Findings of GE Capital's Internal Investigation is Inadmissible Hearsay and Should Be Excluded Under F.R.E. 801 and 802.

All evidence and argument relating to the conclusions and findings reached by GE Capital

following its internal investigation of Strickland should be excluded:  As an initial matter, the

evidence is inadmissible hearsay.  The reprimand letter that GE Capital sent to Strickland, and

testimony by GE Capital witnesses regarding the letter or the internal investigation's findings,

4

contain hearsay (out of court statements offered to prove that Strickland acted or did not act in a certain manner), and/or double hearsay (out of court statements describing what Strickland said in out-of-court interviews offered to prove that Strickland acted or did not act in a certain manner).  As such, this evidence should be excluded under F.R.E. 801 and 802.  *See City of New York v. Pullman, Inc.,* 662 F.2d 910, 914 (1981) ("hearsay report" of transit administration not admissible as business record); *U.S. v. Ceballo,* 2003 WL 21961123, *2 (S.D.N.Y. Aug. 18, 2003) (internal NYPD investigative files are inadmissible hearsay).

Hearsay is only admissible if an appropriate exception applies, but the findings of GE Capital's internal investigation do not meet any exception to the hearsay rule, in particular, the business records exception.  Further, the investigation's findings lack the requisite indicia of reliability and trustworthiness to warrant admission at trial.  F.R.E. 803(6)(E) (to be business record, "neither the source nor the method or circumstances of preparation indicate a lack of trustworthiness").  Here, GE Capital's internal investigation suffered from a number of fatal flaws which render its findings inherently unreliable and untrustworthy.  These include:

- GE Capital did not have access to critical evidence, including evidence from outside sources.  It did not interview key witnesses such as Andrien, (the CEO of SunSource), Russell, (the CFO of Allied), or even talk to the alleged tippees, Black and Obus.

- It relied primarily on statements from one witness, Strickland, who was self-interested and biased.  Moreover, Strickland's statements were flawed and unreliable based on his lack of memory.  Strickland initially told the GE Capital investigators that he had no memory of a discussion with Black about SunSource.  Black then "reminded" Strickland, at a subsequent meeting, "that they had discussed SunSource in May 2001 before the acquisition was announced."  *Obus,* 693 F.3d at 283; Black Dep. 151:-152:21; Black Testimony 180:3-181:18.[5]  This flaw was compounded by the investigation's failure to interview Black.

- The investigation's findings are contradicted by other evidence, including the testimony of Andrien and Russell, as well Black and Strickland's conflicting accounts of their conversation (Strickland thought the conversation took place at a restaurant

---

[5]     A copy of the relevant pages from the Peter F. Black's investigative testimony transcript, dated September 10, 2002, is attached as Exhibit 4 to the Kisslinger Decl.

but Black remembers that it was a phone call, which is corroborated by the phone records).  Strickland Dep. 118:23-119:12; 121:3-21;[6] Black Dep. 106:21-107:19.

- The investigation was motivated by "corporate interests that may or may not coincide with the public interest in unearthing wrongdoing and affording a remedy."  *Obus,* 693 F.3d at 291.  By the time GE Capital conducted the investigation (which was after the SunSource transaction closed), it had little incentive to find that its employee had leaked a client's nonpublic information to his friend at a hedge fund.

Under these circumstances, the findings of GE Capital's internal investigation are not sufficiently trustworthy or reliable to overcome a hearsay objection and should be excluded under F.R.E. 801 and 802.  *See Lewis v. Velez,* 149 F.R.D. 474, 486 (S.D.N.Y. 1993) (citations omitted) (hearsay is not admissible as business record where reliability of materials in question is undermined); *Certain Underwriters at Lloyd's, London v. Sinkovich,* 232 F.3d 200, 204-05 (4th Cir. 2000) (reversing district court based on improper admission of internal investigation).

## II.   Evidence Regarding the Findings of GE Capital's Internal Investigation is Inappropriate Opinion Testimony and Should Be Excluded Under F.R.E. 701.

The reprimand letter and testimony related to the internal investigation's conclusion should also be excluded under F.R.E. 701 as improper lay opinion evidence.  GE Capital's findings are nothing more than opinions regarding what Strickland did and why he did it.  To be admissible under F.R.E. 701, lay opinion testimony must be (a) rationally based on the perception of the witness; (b) helpful to the jury to clearly understand the issues; and (c) not based on scientific, technical or other specialized knowledge.  *See* F.R.E. 701.  GE Capital's internal investigation findings fail to meet any of these requirements.

First, the letter of reprimand and other evidence of the internal investigation's findings are not rationally based on the perception of any witnesses who will testify at trial.  William Brasser, the author of the reprimand letter, is not a percipient witness of what Strickland told Black about the

---

[6]     A copy of the relevant pages from the Thomas Bradley Strickland's deposition transcript, dated June 3, 2008, is attached as Exhibit 5 to the Kisslinger Decl.

SunSource acquisition.  As he testified at his deposition: "I just want to say that.  I'm not – you know, I wasn't there when he had the conversation with his colleague, so I'm doing this based on the information that we got from Mr. Strickland as to the context of his discussions with his colleague." Brasser Dep. 125:14-126:6.  To the extent he, or other witnesses, testify about the findings of an internal investigation conducted by counsel, such testimony fails to meet the percipient witness requirement and should be excluded under F.R.E. 701.  *See United States v. Garcia*, 413 F.3d 201, 213 (2d Cir. 2005) ("Precisely because Rule 701 limits the admissibility of lay opinions at trial to those based only on personal perceptions, an opinion such as [the agent's], which appears to have been based on the totality of information gathered by various persons in the course of an investigation, was not admissible before a jury.")

Second, the reprimand letter and testimony related to the internal investigation's conclusions would not be helpful to the jury to understand the issues.  As discussed above, the investigation's findings were based on incomplete, unreliable and untrustworthy evidence.  Opinions based on incomplete and unreliable evidence simply are not helpful.  Moreover, GE Capital's conclusion that Strickland did not discuss the specific nature of the SunSource transaction and did not act with "any malice or intent" (Proposed Joint Pretrial Order at 5-6) essentially tells the jury what conclusion to draw from the evidence.  "Opinion testimony is not helpful to the jury in determining the facts when it attempts to usurp the jury's role by dictating the inferences the jurors should draw from the objective facts of the case[.]"  *Munoz v. United States*, 2008 WL 2942861, *19 (July 28, 2008 E.D.N.Y.) (citing *United States v. Grinage*, 390 F.3d 746 (2d Cir. 2004)); *see also Garcia,* 413 F. 3d at 210– 11 (finding testimony inappropriate where lay witness provided opinion testimony as to defendants' culpability based on the results of drug enforcement investigation).[7]

---

[7]    As the Court of Appeals explained in *Garcia*:  "Although opinion testimony, whether offered by a lay witness pursuant to Fed.R.Evid. 701, or by an expert pursuant to Fed.R.Evid. 702, is not inadmissible

This testimony is also inappropriate because it addresses Strickland's subjective state of mind.  Courts routinely exclude such testimony because testimony on the state of mind of the defendants—whether it is expert or lay testimony--is improper and prejudicial, given that it cannot assist the jury to understand the facts or evidence in the case.  *See In re Fosomax Litig.,* 645 F.Supp.2d 164, 191 (S.D.N.Y. 2009) (excluding expert testimony about "the knowledge, motivations, intent, state of mind or purposes" of defendant and its employees because it "is not a proper subject for expert or even lay testimony.").  The jury is just as capable as GE Capital's investigators to determine Strickland's intent and, after evaluating all of the evidence (not just Strickland's account of what happened), they will be more qualified to do so.

Finally, evidence regarding the findings of GE Capital's internal should be excluded under F.R.E. 701 because defendants have "made no attempt to demonstrate that [the findings were] informed by reasoning processes familiar to the average person in everyday life rather than by scientific, technical or other specialized knowledge."  *Garcia*, 413 F.3d at 216.  While it is unclear what process or reasoning, other than reliance on Strickland's self-interested statements, led to the conclusion that Strickland did not share details of the SunSource transaction and did not act with malice or intent, the fact that the investigation was conducted by counsel suggests that specialized knowledge may have informed the conclusion.  It is "the proponent of lay opinion testimony who must satisfy the rule's three foundation requirements" and defendants have failed to do so here.  *Garcia*, 413 F.3d at 211 (citing *Grinage*, 390 F.3d at 749).  Hence, the GE investigation should be excluded from trial.

---

simply 'because it embraces an ultimate issue to be decided by the trier of fact,' Fed.R.Evid 704,  it is not properly received 'merely [to] tell the jury what result to reach.'"  413 F.3d. 211 (quoting Advisory Committee Notes on 1972 Proposed Rules).  "Indeed, the purpose of the foundation requirements of the federal rules governing opinion evidence is to ensure that such testimony does not so usurp the fact-finding function of the jury."  *Id.*

**III.**   **Evidence Regarding the Findings of GE Capital's Internal Investigation is Confusing and Prejudicial and Should be Excluded Under F.R.E. 403.**

Even assuming that evidence of the findings and conclusions of GE Capital's internal investigation is not excluded as hearsay or improper lay testimony, it should be excluded under F.R.E. 403, as any probative value of the evidence (slight, at best, given its unreliable nature) would be substantially outweighed by dangers of confusing the issues, misleading the jury, wasting time, and unfairly prejudicing the SEC. *See Paolitto v. John Brown E & C, Inc.,* 151 F.3d 60, 65 (2d Cir. 1998) (upholding exclusion of findings of Connecticut Commission on Human Rights and Opportunities because of likelihood of confusing jury and protracting proceedings); *Pullman,* 662 F.2d at 915 (upholding exclusion of report by transit authority for same reasons and noting that the trial court's decision was "an eminently sound exercise of discretion.")

The findings of GE Capital's investigators—that Strickland did not share the details of the SunSource acquisition with Black and that he did not act with any malice or intent—plainly overlap with the issues to be decided by the jury here. Admission of this evidence at trial will intrude on the role of the jury and would mislead and confuse them as they attempt to make an "independent assessment of the evidence." *Obus,* 693 F.3d at 291. Specifically, there is a high risk that the jury will give improper weight to GE Capital's findings, not appreciating the unreliability and incompleteness of the investigation or that the company was "motivated by their own corporate interests that may or may not coincide with the public interest in unearthing wrongdoing and affording a remedy." *Id.* The jury may inappropriately conclude that an important fact-finding body had already decided the critical factual and legal issues in the case concerning Strickland's actions and intent, so they do not have to reach an independent determination of the issue, or may be reluctant to reach a different conclusion despite the evidence. *See Pullman,* 662 F.2d at 915 (evidence of report "would have been presented to the jury in an aura of special reliability and

9

trustworthiness which would not have been commensurate with its actual reliability"); *Lewis,* 563 F.Supp.2d at 919-20 ("The evidence also created an undue risk of confusion, because the jury might presume that the matter of discrimination had already been decided by another entity.")

The challenged evidence also invites an unnecessary protraction of the trial.  Should the Court allow in evidence concerning the results of GE Capital's internal investigation, the SEC will be required be to demonstrate that the findings were incomplete and unreliable.  It will need to present evidence showing the fatal flaws in the investigation and elicit testimony highlighting the compelling evidence that GE Capital <u>did</u> <u>not</u> have access to or consider when it reached its conclusions.  This competing evidence would divert the trial into a mini-trial of GE Capital's investigative procedures, capabilities, and corporate motivations, all of which would be a distracting and confusing to the jury and a waste of time.  *See Paolitto,* 151 F.3d at 65 ("The party against whom such a determination is admitted must attempt to expose the weaknesses of the report, an effort that may well confuse or mislead the jury and result in an undue waste of time.")  The Court should thus exclude the evidence "to prevent the likelihood that the trial will deteriorate into a protracted and unproductive struggle over how the evidence admitted at trial compared to the evidence considered by" GE Capital.  *Id.*

Finally, allowing in evidence pertaining to the findings of GE Capital would be unfairly prejudicial to the SEC.  "Unfair prejudice under Rule 403 may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the [party]."  *United States v. Quattrone,* 441 F.3d 185, 186 (2d Cir. 2006).  Not only would GE Capital's findings improperly influence the jury, as outlined above, but because the findings were based entirely on Strickland's self-serving, hearsay-tainted depiction of what happened, allowing the

report into evidence would improperly bolster Strickland's own testimony, under an air of false credibility that is belied by the unreliability of the findings.

## CONCLUSION

For the foregoing reasons, the SEC hereby moves the Court to exclude all evidence and argument pertaining to the conclusions and findings of GE Capital's internal investigation into Brad Strickland regarding tipping and trading activity in the shares of SunSource Inc.


Dated: April 3, 2014                    _/s/_Paul W. Kisslinger___
                                        Paul W. Kisslinger
                                        Kyle M. DeYoung
                                        Jonathan Haray
                                        100 F Street, NE
                                        Washington, D.C. 20549
                                        Direct:  (202) 551-4427 (Kisslinger)
                                        Fax:  202-772-9246

                                        Counsel for Plaintiff Securities and
                                        Exchange Commission